FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 15 2007

DAVID J. MALAND, CLERK
BY
DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 1:07CV0569 |
| v. § | |
| § | |
| TE PRODUCTS PIPELINE COMPANY, LLC § | |
| and TEPPCO CRUDE PIPELINE, LLC § | Judge Heartfield |
| § | |
| Defendants. § | |
| § | |

## COMPLAINT

The United States of America, by the authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

### I. NATURE OF THE ACTION

1. This is a civil action brought pursuant to the Clean Water Act ("CWA"), 33 U.S.C. §1251 et seq., as amended by the Oil Pollution Act of 1990 ("OPA"), Pub.L. 101-380, seeking injunctive relief and civil penalties against against TE Products Pipeline Company, LLC and TEPPCO Crude Pipeline, LLC (collectively "TEPPCO") for the discharge of thousands of barrels of Jet A Kerosene, gasoline, and crude oil into navigable waters of the United States and adjoining shorelines, from pipelines owned and/or operated by Defendants in four separate spill events dated November 27, 2001, March 12, 2004, February 28, 2005 and May 13, 2005 at locations in Texas, Arkansas, and Oklahoma.

## II. JURISDICTION, AUTHORITY AND VENUE

2. This Court has jurisdiction over the subject matter of the United States' claims in this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Sections 309(b), 311(b)(7)(E) and 311(n) of the CWA, 33 U.S.C. §§ 1319(b), 1321(b)(7)(E) and 1321(n). The Court has personal jurisdiction over the Parties.

3. Authority to bring this action is vested in the United States Department of Justice by Section 506 of the CWA, 33 U.S.C. § 1366, and 28 U.S.C. §§ 516 and 519.

4. Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1395(a), because Defendants do business in this District and one or more of the alleged violations occurred in this District.

5. Notice of the commencement of this action has been given to the States of Texas, Oklahoma and Arkansas, as required by Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

## III. DEFENDANTS

6. TE Products Pipeline Company, LLC ("TE LLC") is a limited liability company organized under the laws of Texas and licensed to do business in the States of Texas, Oklahoma, and Arkansas. TE LLC is the current owner and operator of the TEPPCO products pipeline system and is successor in interest to TE Products Pipeline Company, LP which owned and operated relevant portions of the TEPPCO products pipeline system during the time of the incidents identified in the Complaint. The TEPPCO products pipeline system is a 4,500 mile system of pipeline for refined petroleum products extending from southeast Texas through the Midwest to the Northeastern United States.

7. TEPPCO Crude Pipeline, LLC is a limited liability company organized under the laws of

Texas and licensed to do business in the States of Texas and Oklahoma. This company operates the Seaway Pipeline which carries crude oil from the Texas Gulf Coast to Cushing, Oklahoma.

## IV. STATUTORY BACKGROUND

### A. FEDERAL AUTHORITY

#### Prohibition of Discharges

8. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of any pollutant, including oil, by any person, except as authorized by and in compliance with other sections of the CWA.

9. Section 502(12) of the CWA, 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

10. Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3), prohibits the discharge of oil into or upon the navigable waters of the United States and adjoining shorelines in such quantities as the President determines may be harmful to the public health or welfare or the environment of the United States. Section 311(a)(2) of the CWA defines "discharge" to include "any spilling, leaking, pumping, pouring, emitting, emptying or dumping . . . ," subject to certain specified exceptions not applicable here. 33 U.S.C. § 1321(a)(2).

11. Pursuant to Section 311(b)(4) of the CWA, 33 U.S.C. § 1321(b)(4), EPA, acting through its delegated authority under Executive Order No. 11735, 38 Fed. Reg. 21243 (Aug. 7, 1973), has determined by regulation that the quantities of oil that may be harmful to the public health or welfare or the environment of the United States include discharges of oil that violate applicable water quality standards, or cause a film or sheen upon or discoloration of the surface

of the water or adjoining shorelines, or cause a sludge or emulsion to be deposited beneath the surface of the water or upon adjoining shorelines. 40 C.F.R. § 110.3.

### Injunctive Relief

12. Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes the Administrator of the EPA to commence a civil action for appropriate relief, including a permanent or temporary injunction, for any violation for which the Administrator is authorized to issue a compliance order under Section 309(a).

13. Section 309(a) of the CWA, 33 U.S.C. § 1319(a), authorizes the Administrator of the EPA to, inter alia, issue compliance orders for discharges of pollutants prohibited under Section 301(a) of the CWA, 33 U.S.C. § 1311(a).

### Civil Penalties

14. Section 311(b)(7) of the CWA, 33 U.S.C. § 1321(b)(7), provides that:

> (A) Discharge, generally
> Any person who is the owner, operator, or person in charge of any vessel, onshore facility, or offshore facility from which oil or a hazardous substance is discharged in violation of [Section 311(b)(3) of the CWA], shall be subject to a civil penalty in an amount up to $25,000 per day of violation or an amount up to $1,000 per barrel of oil or unit of reportable quantity of hazardous substances discharged.

Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, Pub. L. 101-410, 28 U.S.C. § 2461, as amended by the Debt Collection Improvement Act of 1996, Pub. L. 104-134, 31 U.S.C. § 3701, and 40 C.F.R. § 19.4, the above amounts have been adjusted upwards for inflation. For discharges occurring between January 30, 1997 and the present, the per barrel amount has been increased to $1,100. The alternative per day of violation maximum was increased to $27,500 per day for each violation occurring between January 30, 1997 and March

15, 2004, and to $32,500 per day for each violation occurring after March 15, 2004. 40 C.F.R. § 19.4

15. Pursuant to Section 311(s) of the CWA, 33 U.S.C. § 1321(s), and Pub.L. 101-380 § 4304, amounts received by the United States for actions under Section 311 shall be deposited in the "Oil Spill Liability Trust Fund" established under 26 U.S.C. § 9509 to, inter alia, address future discharges and substantial threats of discharges of oil.

## V. GENERAL ALLEGATIONS

16. TE Products Pipeline Company, LLC owns and/operates a pipeline system for carrying refined petroleum products (hereinafter the "TEPPCO Pipeline System") extending from southeast Texas through the Midwest to the Northeastern United States, constructed of, at various points, 20, 16, 14, 12, 10 and 8-inch diameter pipeline.

### A. November 27, 2001 Vidor Discharge by TEPPCO

17. On or about November 27, 2001, in the vicinity of Vidor, Texas, a portion of the TEPPCO Pipeline System pipeline ruptured, resulting in the unpermitted discharge of Jet Fuel. Approximately 2,575 barrels of Jet Fuel were discharged as a result of the rupture. The immediate cause of the discharge was disbonded coating and external corrosion on the pipeline. The spill discharged into Anderson Gully which flows into the Neches River, and adjoining shoreline. The spill also discharged into an unnamed creek and flowed into Grays Bayou, which is part of Bessie Heights Marsh, and then into the Neches River, and adjoining shoreline.

18. Anderson Gully, the unnamed creek, Bessie Heights Marsh, and the Neches River are "navigable waters" of the United States within the meaning of CWA Section 502(7), 33 U.S.C. § 1362(7), and CWA Section 311, 33 U.S.C. § 1321.

19. At the times relevant to this Complaint, the TEPPCO Pipeline System was an "onshore facility" within the meaning of CWA Section 311(a)(10), 33 U.S.C. § 1321(a)(10), and a "point source" within the meaning of CWA Section 502(14), 33 U.S.C. § 1362(14).

20. Beginning on November 27, 2001, TE Products Pipeline Company, LLC "discharged" 2,575 barrels of oil from the TEPPCO Products Pipeline System within the meaning of CWA Section 311(a)(2), 33 U.S.C. § 1321(a)(2), and CWA Section 502(16), 33 U.S.C. § 1362(16).

21. The Jet Fuel that was discharged from the TEPPCO Pipeline System is "oil" within the meaning of CWA Section 311(a)(1), 33 U.S.C. § 1321(a)(1), and a "pollutant" within the meaning of CWA Section 502(6), 33 U.S.C. § 1362(6).

22. The discharge of Jet Fuel from the TEPPCO Pipeline System on or about November 27, 2001 was in a quantity "as may be harmful as determined by the President" within the meaning of CWA Section 311(b)(3), 33 U.S.C. § 1321(b)(3), because the discharge was sufficient to and did cause a sheen or discoloration of receiving waters within the meaning of 40 C.F.R. § 110.3.

23. TE Products Pipeline Company, LLC is an "owner [or] operator ... of ... [an] onshore facility ... from which oil ... [was] discharged" within the meaning of CWA Section 311(b)(7)(A), 33 U.S.C. § 1321(b)(7)(A), and a "person" within the meaning of CWA Sections 301(a), 311(a)(7) and 502(5), 33 U.S.C. §§ 1311(a), 1321(a)(7), 1362(5).

### B. March 12, 2004 Fordyce Discharge by TEPPCO

24. On or about March 12, 2004, in the vicinity of Kingsland, Cleveland County, Arkansas, a portion of the TEPPCO Pipeline System ruptured, resulting in the unpermitted discharge of unleaded gasoline into an unnamed tributary to Moro Creek and adjoining shoreline. The immediate cause of the discharge was corrosion of a ½-inch bleeder line that was part of a 20-

inch pipeline block valve used to equalize pressure across the valve. Approximately 500 barrels of unleaded gasoline were discharged as a result of the rupture. The unleaded gasoline from the ruptured pipeline flowed into an unnamed tributary to Moro Creek, which flows into Moro Bay at the confluence with the Ouachita River.

25. The unnamed tributary is a "navigable water" of the United States within the meaning of CWA Section 502(7), 33 U.S.C. § 1362(7), and CWA Section 311, 33 U.S.C. § 1321.

26. At the times relevant to this Complaint, the TEPPCO Pipeline System was an "onshore facility" within the meaning of CWA Section 311(a)(10), 33 U.S.C. § 1321(a)(10), and a "point source" within the meaning of CWA Section 502(14), 33 U.S.C. § 1362(14).

27. Beginning on March 4, 2004, TE Products Pipeline Company, LLC "discharged" 500 barrels of unleaded gasoline from the TEPPCO Pipeline System within the meaning of CWA Section 311(a)(2), 33 U.S.C. § 1321(a)(2), and CWA Section 502(16), 33 U.S.C. § 1362(16).

28. The unleaded gasoline that was discharged from the TEPPCO Pipeline System on or about March 4, 2004 is "oil" within the meaning of CWA Section 311(a)(1), 33 U.S.C. § 1321(a)(1), and a "pollutant" within the meaning of CWA Section 502(6), 33 U.S.C. § 1362(6).

29. The discharge of unleaded gasoline from the TEPPCO Pipeline System on or about March 4, 2004 was in a quantity "as may be harmful as determined by the President" within the meaning of CWA Section 311(b)(3), 33 U.S.C. § 1321(b)(3), because the discharge was sufficient to and did cause a sheen or discoloration of receiving waters within the meaning of 40 C.F.R. § 110.3.

30. TE Products Pipeline Company, LLC is an "owner [or] operator . . . of . . . [an] onshore

facility . . . from which oil . . . [was] discharged" within the meaning of CWA Section 311(b)(7)(A), 33 U.S.C. § 1321(b)(7)(A), and a "person" within the meaning of CWA Sections 301(a), 311(a)(7) and 502(5), 33 U.S.C. §§ 1311(a), 1321(a)(7), 1362(5).

### C. February 28, 2005 Newton Discharge by TEPPCO

31. On or about February 28, 2005, in the vicinity of Newton, Texas, a portion of the TEPPCO Pipeline System ruptured, resulting in the unpermitted discharge of Jet Fuel into Big Cow Creek, a tributary of the Sabine River, and adjoining shoreline. The immediate cause of the discharge was operator error: the over-tightening of a coupling at a 3/8" cooling line at the top of a 14" mainline pump. Approximately 2,497 barrels of Jet Fuel were discharged as a result of the rupture.

32. Big Cow Creek is a "navigable water" of the United States within the meaning of CWA Section 502(7), 33 U.S.C. § 1362(7), and CWA Section 311, 33 U.S.C. § 1321.

33. At the times relevant to this Complaint, the TEPPCO Pipeline System was an "onshore facility" within the meaning of CWA Section 311(a)(10), 33 U.S.C. § 1321(a)(10), and a "point source" within the meaning of CWA Section 502(14), 33 U.S.C. § 1362(14).

34. Beginning on February 28, 2005, TE Products Pipeline Company, LLC "discharged" 2,497 barrels of Jet Fuel from the TEPPCO Pipeline System within the meaning of CWA Section 311(a)(2), 33 U.S.C. § 1321(a)(2), and CWA Section 502(16), 33 U.S.C. § 1362(16).

35. The Jet Fuel that was discharged from the TEPPCO Pipeline System on or about February 28, 2005 is "oil" within the meaning of CWA Section 311(a)(1), 33 U.S.C. § 1321(a)(1), and a "pollutant" within the meaning of CWA Section 502(6), 33 U.S.C. § 1362(6).

36. The discharge of oil from the TEPPCO Pipeline System on or about February 28, 2005

was in a quantity "as may be harmful as determined by the President" within the meaning of CWA Section 311(b)(3), 33 U.S.C. § 1321(b)(3), because the discharge was sufficient to and did cause a sheen or discoloration of receiving waters within the meaning of 40 C.F.R. § 110.3.

37. TE Products Pipeline Company, LLC is an "owner [or] operator . . . of . . . [an] onshore facility . . . from which oil . . . [was] discharged" within the meaning of CWA Section 311(b)(7)(A), 33 U.S.C. § 1321(b)(7)(A), and a "person" within the meaning of CWA Sections 301(a), 311(a)(7) and 502(5), 33 U.S.C. §§ 1311(a), 1321(a)(7), 1362(5).

### D. May 13, 2005 Colbert Discharge by TEPPCO

38. TEPPCO Crude Pipeline, LLC operates the Seaway Pipeline which carries crude oil from the Texas Gulf Coast to Cushing, Oklahoma.

39. On or about May 13, 2005, in the vicinity of Colbert, Oklahoma, a portion of the Seaway Pipeline ruptured, resulting in the unpermitted discharge of crude oil into an unnamed tributary to Eastman Creek, and then into Eastman Creek, which is a tributary of the Red River, and adjoining shoreline. The immediate cause of the discharge was a 6-inch longitudinal seam split on a 30-inch pipeline that likely resulted from pressure-cycle-induced stresses that enlarged a crack on the pipeline segment while it was transported by railcar prior to installation. Approximately 898 barrels of crude oil were discharged as a result of the rupture.

40. The unnamed tributary to Eastman Creek and Eastman Creek are "navigable waters" of the United States within the meaning of CWA Section 502(7), 33 U.S.C. § 1362(7), and CWA Section 311, 33 U.S.C. § 1321.

41. At the times relevant to this Complaint, the Seaway Pipeline was an "onshore

facility" within the meaning of CWA Section 311(a)(10), 33 U.S.C. § 1321(a)(10), and a "point source" within the meaning of CWA Section 502(14), 33 U.S.C. § 1362(14).

42. Beginning on May 13, 2005, TEPPCO Crude Pipeline, LLC "discharged" 1,500 barrels of oil from the Seaway Pipeline within the meaning of CWA Section 311(a)(2), 33 U.S.C. § 1321(a)(2), and CWA Section 502(16), 33 U.S.C. § 1362(16).

43. The crude oil that was discharged from the Seaway Pipeline on or about May 13, 2005 is "oil" within the meaning of CWA Section 311(a)(1), 33 U.S.C. § 1321(a)(1), and a "pollutant" within the meaning of CWA Section 502(6), 33 U.S.C. § 1362(6).

44. The discharge of oil from the Seaway Pipeline on or about May 13, 2005, was in a quantity "as may be harmful as determined by the President" within the meaning of CWA Section 311(b)(3), 33 U.S.C. § 1321(b)(3), because the discharge was sufficient to and did cause a sheen or discoloration of receiving waters within the meaning of 40 C.F.R. § 110.3.

45. TEPPCO Crude Pipeline, LLC is an "operator . . . of . . . [an] onshore facility. . . . from which oil . . . [was] discharged" within the meaning of CWA Section 311(b)(7)(A), 33 U.S.C. § 1321(b)(7)(A), and a "person" within the meaning of CWA Sections 301(a), 311(a)(7) and 502(5), 33 U.S.C. §§ 1311(a), 1321(a)(7), 1362(5).

## VI. CLAIMS

### First Claim for Relief
### Civil Penalties under Section 311(b) of the CWA for the Vidor Discharge

47. Paragraphs 1 through 46 are realleged and incorporated herein by reference.

48. The discharge that occurred on or about November 27, 2001, as set forth in this Complaint, is a violation of Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3), by TE Products Pipeline Company, LLC. TE Products Pipeline Company, LLC, as the owner and operator of the TEPPCO Pipeline System at the time of the spill, is liable for a civil penalty of up to $1,100 per barrel discharged, pursuant to Section 311(b)(7)(A) of the CWA, 33 U.S.C. § 1321(b)(7)(A), and 40 C.F.R. § 19.4.

### Second Claim for Relief
### Civil Penalties under Section 311(b) of the CWA for the Fordyce Discharge

49. Paragraphs 1 through 46 are realleged and incorporated herein by reference.

50. The discharge that occurred on or about March 12, 2004, as set forth in this Complaint, is a violation of Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3), by TE Products Pipeline Company, LLC. TE Products Pipeline Company, LLC, as the owner and operator of the TEPPCO Pipeline System at the time of the spill, is liable for a civil penalty of up to $1,100 per barrel discharged, pursuant to Section 311(b)(7)(A) of the CWA, 33 U.S.C. § 1321(b)(7)(A), and 40 C.F.R. § 19.4.

### Third Claim for Relief
### Civil Penalties under Section 311(b) of the CWA for the Newton Discharge

51. Paragraphs 1 through 46 are realleged and incorporated herein by reference.

52. The discharge that occurred on or about February 28, 2005, as set forth in this Complaint, is a violation of Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3), by TE

Products Pipeline Company, LLC. TE Products Pipeline Company, LLC, as the owner and operator of the TEPPCO Pipeline System at the time of the spill, is liable for a civil penalty of up to $1,100 per barrel discharged, pursuant to Section 311(b)(7)(A) of the CWA, 33 U.S.C. § 1321(b)(7)(A), and 40 C.F.R. § 19.4.

### Fourth Claim for Relief
### Civil Penalties under Section 311(b) of the CWA for the Colbert Discharge

53. Paragraphs 1 through 46 are realleged and incorporated herein by reference.

54. The discharge that occurred on or about May 13, 2005, as set forth in this Complaint, is a violation of Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3), by TEPPCO Crude Pipeline, LLC. TEPPCO Crude Pipeline, LLC, as the operator of the TEPPCO Pipeline System at the time of the spill, is liable for a civil penalty of up to $1,100 per barrel discharged, pursuant to Section 311(b)(7)(A) of the CWA, 33 U.S.C. § 1321(b)(7)(A), and 40 C.F.R. § 19.4.

### Fifth Claim for Relief
### Injunctive Relief Under Section 309 of the CWA

55. Paragraphs 1 through 54 are realleged and incorporated herein by reference.

56. The discharges described in this Complaint violated Section 301(a) of the CWA, 33 U.S.C. § 1311(a). Defendants are subject to injunctive relief pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), to undertake appropriate action to prevent further spills from the TEPPCO Pipeline System and Seaway Pipeline into waters of the United States so as to achieve compliance with the CWA.

### VII. PRAYER FOR RELIEF

WHEREFORE, United States respectfully request that this Court:

A. Impose civil penalties under the CWA on TE Products Pipeline Company, LLC in an amount up to $1,100 per barrel of oil discharged for the Vidor Discharge alleged in this Complaint;

B. Impose civil penalties under the CWA on TE Products Pipeline Company, LLC in an amount up to $1,100 per barrel of oil discharged for the Fordyce Discharge alleged in this Complaint;

C. Impose civil penalties under the CWA on TE Products Pipeline Company, LLC in an amount up to $1,100 per barrel of oil discharged for the Newton Discharge alleged in this Complaint;

D. Impose civil penalties under the CWA on TEPPCO Crude Pipeline, LLC in an amount up to $1,100 per barrel of oil discharged for the Colbert Discharge alleged in this Complaint;

E. Issue an order pursuant to the CWA requiring Defendants to take all appropriate action to prevent future discharges of oil from the TEPPCO Pipeline System and Seaway Pipeline into navigable waters of the United States; and

F. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*John C. Cruden* /KLL
JOHN C. CRUDEN
Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

*Kenneth D. Long*
KENNETH G. LONG
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: 202/514-2840
Fax: 202/616-6584

Of Counsel:

Amy Salinas
U.S. EPA Region 6
1445 Ross Avenue Suite 1200
Dallas, TX 75202-2733
phone: 214/665-8035

Cheryl T. Rose
U.S. EPA Headquarters
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460
phone: 202/564-4136

JOHN L. RATCLIFFE
United States Attorney
Eastern District of Texas

MICHAEL LOCKHART
Assistant United States Attorney
350 Magnolia Avenue, Suite 150
Beaumont, TX 77701-2237
409-839-2538